UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARIMAL K. SHAH,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>    Defendant. | No.  2:22-cv-01830 AC<br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 10, 2017. Administrative Record ("AR") 178.[2] The disability onset date was initially alleged to be February 1, 2017. Id. Plaintiff later amended the alleged onset date to November 30, 2016. AR 183. The agency denied the claim initially and again on reconsideration. AR 70-98. On November 20, 2018, ALJ Serena Hong presided over the hearing on plaintiff's challenge to the disapprovals. AR 32 – 68 (transcript). Plaintiff, who appeared with counsel Ana L. Molleda, was present and testified at the hearing. AR 32-33. Paul Stanford, a Vocational Expert ("VE"), also testified. Id. On January 30, 2019, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 15-26 (decision), 27-31 (exhibit list). On May 29, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision and additional exhibit list).

Plaintiff appealed, and on June 4, 2020, this Court remanded for further proceedings. AR 2545–56. Two administrative hearings were held to obtain additional testimony of plaintiff and of the medical and vocational experts. AR 2410–2500. On June 2, 2022, the ALJ issued a new unfavorable decision finding plaintiff not disabled. AR 2359–93. On October 4, 2022, the Appeals Council found no reason to review the decision (AR 2287–88), and the ALJ's decision became the final agency decision. Plaintiff filed this action on October 14, 2022, seeking judicial review of the ALJ's June 4, 2020 determination. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's amended summary judgment motion), 24 (Commissioner's amended summary judgment motion), 27 (plaintiff's reply).

II. FACTUAL BACKGROUND

Plaintiff was born in 1962, and accordingly was a person closely approaching advanced age at the alleged onset date, and has subsequently changed age groups to a person of advanced

---

[2] The AR is electronically filed at ECF No. 8.

age.³ AR 195. Plaintiff is a medical doctor, having earned his medical degree in 1985. AR 199. He practiced medicine for 32 years, through November 2016. AR 224. Plaintiff also served as a combat flight surgeon, an emergency room physician, and an ICU physician for the United States Air Force, during the Iraq War. AR 38, 39, 1186, 1222, 1223. The Department of Veterans Affairs (VA) has rated plaintiff 100 percent disabled for the same impairments plaintiff alleges in his social security disability application. AR 256. Plaintiff alleged disability based on ischemic heart disease, post traumatic stress disorder ("PTSD"), chronic pain, osteoporosis, glaucoma, planter fasciitis, Gulf War Syndrome, diabetes type 2, tinnitus with hearing loss, and hiatal hernia. AR 198.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

---

³ See 20 C.F.R. § 404.1563

3

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

>Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

>Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

>1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2021.
>
>2. [Step 1] The claimant did not engage in substantial gainful activity during the period from his alleged onset date of November 30, 2016 through his date last insured of December 31, 2021 (20 CFR 404.1571 et seq.)
>
>3. [Step 2] Through the date last insured, the claimant had the following severe impairments: degenerative disc disease (DDD), osteoarthritis of the hips, adhesive capsulitis of the bilateral shoulders, plantar fascial fibromatosis and coronary artery disease (20 CFR 404.1520(c))

5

> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except he cannot climb ladders, ropes or scaffolds, occasionally perform postural activities such as stooping, crouching and crawling, can occasionally overhead reach, can frequently do other reaching, can do frequent handling, fingering and feeling, and can stand and walk for 4 hours in an 8 hour day.
>
> 6. [Step 4] Through the date last insured, the claimant was capable of performing past relevant work as Utilization Review Coordinator. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from November 30, 2016, the alleged onset date, through December 31, 2021, the date last insured (20 CFR 404.1520(f)).

AR 2365-2385. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 2385.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) improperly rejecting Dr. Rudnick's mental RFC findings, (2) improperly rejecting plaintiff's subjective symptom testimony, and (3) by rejecting the opinion of plaintiff's treating cardiologist, Dr. Egan, and his VA physician, Dr. Nguyen. ECF No. 17 at 11-20.

A. <u>The ALJ Did Not Adequately Assess Dr. Rudnick's Prescribed Limitations</u>

Plaintiff argues that the ALJ erred by giving little weight to State agency physician Dr. Rudnick's opinion and failing to properly acknowledge and include assessed mental limitations. ECF No. 17 at 11. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The regulations require that an ALJ's decision "explain" and "articulate" how persuasive the ALJ finds "all of the medical opinions and all of the prior administrative medical findings in

[the] case record." 20 C.F.R. § 404.1520c(b).  Dr. Rudnick's mental RFC findings constitute "prior administrative medical findings," which the ALJ was required to consider when formulating her RFC assessment.  20 C.F.R. § 404.1513(a)(5) (defining a "prior administrative medical finding" to include findings concerning an individual's RFC).

Here, the ALJ committed legal error by mischaracterizing and/or ignoring the full content of Dr. Rudnick's findings regarding a limitation to simple, repetitive tasks ("SRTs"), and she failed to provide any substantial evidence that supports her rejection of those medical findings. AR 88, 90-91, 2377.  The ALJ notes that the State Agency physicians found plaintiff's mental impairments "not severe" and wrote that she found that finding persuasive.  Id. at 2377. However, the actual assessment signed by Dr. Rudnick contains a note stating, "LIGHT WITH MRFC [Mental Residual Functional Capacity] FOR SRTs IS PIVOTAL."  AR 90.  An earlier note in the opinion, written by another agency representative, states "There is now ample information to assess as no more than capable of Simple Repetitive Tasks with limited public and/or coworker contact. . . . Do you agree?  If so, please provide EOD."  AR 88.  The Commissioner argues that these limitations were agency notes, not adopted by Dr. Rudnick, and therefore do not constitute part of the medical opinion requiring analysis.  ECF No. 24 at 12.  The Commissioner notes that the same argument made by plaintiff now was made at the appeals level, and the appeals counsel informed plaintiff that these "notes made by staff" are not assessed as medical opinions.  Id.  AR 2287.

The court rejects the Commissioner's argument.  The statement by the appeals counsel regarding "notes made by staff" was in reference to notes by a different part of the record.  In case, the conclusory statement regarding staff notes provides no rationale whatsoever.  AR 2287. The medical opinion containing the limitation to simple repetitive tasks was signed and adopted by Dr. Rudnick, even if it was initially drafted by another staff member.  AR 88, 90-91.  To the extent Dr. Rudnick did not agree to that notation but signed the statement anyway, that ambiguity should not weigh against the plaintiff such that the ALJ can simply ignore the limitation; the ALJ was required to acknowledge and assess the limitation.  Her failure to do so was error requiring remand for further consideration.

7

B. The ALJ Improperly Rejected Plaintiff's Subjective Testimony

The ALJ failed to adequately support her rejection of plaintiff's subjective testimony regarding pain and impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

Here, plaintiff testified that he could not continue to work because his work was demanding and time sensitive, and his pain, combined with anxiety, made it "practically unnegotiable." AR 2420-2421, 2731. Plaintiff stated that the demands and time sensitive nature of plaintiff's work kept him "on edge" daily, and that he has flashbacks and nightmares involving vivid, graphic memories of his combat experiences; he experiences anger, frustration, and anxiety, all of which interfered with his work. AR 43, 48-49. Plaintiff experienced fatigue throughout the day due to lack of sleep, and difficulty concentrating and completing tasks. AR 215, 220. Plaintiff becomes inpatient, intolerant of others, and struggles to avoid outwardly expressing his symptoms and sometimes he pulls his hair in distress. AR 48, 49.

The ALJ found that plaintiff's impairments could reasonably be expected to produce the symptoms that he alleged. AR 2370. Nevertheless, the ALJ also found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely

8

consistent with the medical evidence and other evidence in the record. Id. Particularly with respect to plaintiff's testimony regarding mental limitations, the ALJ's analysis is lacking. The ALJ did not identify which of plaintiff's PTSD symptoms she found were inconsistent with the medical findings and observations; indeed, the ALJ's analysis of the medical record discusses physical limitations but makes no substantive reference to plaintiff's mental limitations. AR 2370-2373. While the ALJ discussed medical opinions regarding the lack of a connection between plaintiff's PTSD symptoms and other physical conditions such as back pain and cardiac disease (AR 2378-2380), she failed to address the impact of the PTSD symptoms themselves or identify which of plaintiff's PTSD symptoms she found were not consistent with the medical findings and observations. The ALJ's reasons for discounting plaintiff's subjective testimony relating to his mental limitations are therefore legally insufficient. The ALJ failed to describe with any particularly how any of the above listed activities conflict with plaintiff's alleged PTSD-related mental limitations. "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination." Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4 (C.D. Cal. Sept. 30, 2015). The ALJ's analysis fails to meaningfully address plaintiff's PTSD symptom testimony, and thus remand is required.

### C. The ALJ's Treatment of Physician Opinions

Plaintiff contends that the ALJ improperly rejected the medical opinions of Dr. Nguyen, plaintiff's primary care physician at the VA Outpatient Clinic (AR 2904) and Dr. Egan, plaintiff's treating cardiologist (AR 2281). ECF No. 17 at 16-20. With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which change the framework evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their

////

persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are defined in the regulations as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or

inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, plaintiff contends that the ALJ discredited the opinions of claimant's treating cardiologist, Dr. Egan, based solely upon her consideration of the non-treating, non-examining cardiologist, retained medical expert Dr. Shilling. ECF No. 17 at 16. Specifically, Dr. Egan opined that emotional stress may cause increased heart rate and blood pressure, which increases the risk of recurrent heart attack, and that this risk is augmented in PTSD patients. AR 2281. On that basis, Dr. Egan recommended that plaintiff adjust his work schedule to avoid undue emotional stress, and he opined that a four-hour daily work schedule will minimize the possibility of future employment stress resulting in a cardiovascular event. Id. Dr. Shilling, on the other hand, opined that there is only a remote possibility that PTSD symptoms could precipitate a cardiovascular event; and he believed that plaintiff could work more than four hours, but did not articulate a maximum. AR 2441.

In her evaluation of the opinions, the ALJ found Dr. Egan's opinion "unpersuasive" because Dr. Egan's opinion lacked supportive findings, as plaintiff had no anginal related pain or use of sublingual nitroglycerin. AR 2378 (citing AR 2876, 2888); see also AR 2226 (noting Dr. Egan's own treatment notes that Plaintiff improved from a cardiac standpoint). See 20 C.F.R. § 404.1520c(c)(1) (consideration of the supportability factor); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept physician opinions that are unsupported by clinical findings or a physician's own treatment notes). Additionally, the ALJ explained that Dr. Egan's opinion was inconsistent with the record that showed no ongoing abnormal findings related to PTSD (Tr. 427, 1186, 1606–07, 1672, 1689, 2157, 2871, 2883, 2894–96). Moreover, Dr. Egan's opinion was inconsistent with Dr. Shilling's "persuasive" testimony that the link between emotional stress and PTSD in causing cardiac issues was tenuous, at best (Tr. 2378, citing Tr. 2430, 2432–33). See 20 C.F.R. § 404.1520c(c)(2) (consideration of consistency factor);

11

see also Towne v. Berryhill, 717 Fed. App'x. 705, 707 (9th Cir. 2017) (unpublished) (an ALJ may discount a medical opinion if it is inconsistent with other evidence). The court agrees with defendant that the ALJ sufficiently addressed supportability and consistency in deciding to discredit Dr. Egan's opinion testimony.

As to Dr. Nguyen, plaintiff limits his arguments to Dr. Nguyen's testimony concerning work limitations related to PTSD and the ALJ's failure to assert any substantial evidence in the record that discredits Dr. Nguyen's opinions. ECF No. 17 at 19. Dr. Nguyen opined that plaintiff's PTSD limits concentration, increases irritability, increases fatigue, and heightens chronic pain and additional mental stressors. AR 2904. Specifically, Dr. Nguyen opined that plaintiff's "prognosis is stable whereas he is not expected to recover to the point of returning to duties required of his profession." Id. Plaintiff's duties reviewing other physician's utilization of medical services required plaintiff to use his professional knowledge, training, and expertise as a family medicine practitioner in order to make medical evaluations and assessments and render medical opinions and recommendations. AR 2470-2471, 2487. Dr. Nguyen's opinions relate to plaintiff's abilities as a medical practitioner as well as plaintiff's work in utilization review.

The ALJ discredited Dr. Nguyen's opinions, finding them not supported by the treatment record, plaintiff's activities, and Dr. Shilling's opinion. AR 2379. Referring to plaintiff's mental capacities, the ALJ found that Dr. Nguyen's opinions were not consistent with plaintiff studying for and taking his medical board, and plaintiff's international travel (CAR 2380). The court agrees with plaintiff that plaintiff's activities, including taking his medical board exams and travel to India, do not undermine Dr. Nguyen's testimony regarding his PTSD symptoms, because these activities do not clearly translate to the work environment nor do they clearly actually undermine Dr. Nguyen's testimony, which is specific to the types of ongoing day-to-day pressures and demands over time that accompany plaintiff's profession. Further, though the ALJ discussed the PTSD findings in relationship to the potential for further cardiac incidents, the evidence that the ALJ asserts undermines Dr. Nguyen's opinion does not clearly address or undermine the mental limitations articulated by Dr. Nguyen. AR 2379-2381. Because the ALJ did not clearly and specifically address Dr. Nguyen's assessed mental limitations, remand is required.

D. Remand

The undersigned finds that the ALJ's errors are harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's errors in this matter are harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability. The same is true of Dr. Rudnick and Dr. Nguyen's opinions, particularly as they relate to plaintiff's PTSD symptoms and non-exertional limitations.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 14, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE